# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS A. BOJO,<br><br>    Defendant. | Case No. 1:24-po-00062-SAB<br><br>ORDER CONSOLIDATING CASES AND ORDERING STAND-BY COUNSEL |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EVELIA GILVILLABOS,<br><br>    Defendant. | Case No. 1:24-po-00073-SAB |

On August 15, 2024, Defendant Thomas A. Bojo, proceeding pro se, made an initial appearance in this matter. Defendant Bojo is charged in violation notices of violations of 41 C.F.R. § 102-74.385; 41 C.F.R. § 102-74.390(c); and 41 C.F.R. § 102-74.390(d).

On August 15, 2024, Defendant Evelia Gilvillabos, proceeding pro se, made an initial appearance in this matter. Defendant Gilvillabos is charged in violation notices of violations of 41 C.F.R. § 102-74.385; 41 C.F.R. § 102-74.390(c); 41 C.F.R. § 102-74.390(d); and 41 C.F.R. § 102-74.390(a).

At the February 20, 2025 status conference, the Government, Defendant Bojo, and Defendant Gilvillabos agreed to consolidation and to try the matters together. The Court agrees both actions involve overlapping parties and other common questions of fact and law. Fed. R. Crim. P. 8. Accordingly, pursuant to Rule 13 of the Federal Rules of Criminal Procedure, and with all parties' consent at the February 20, 2025 status conference, these matters shall be tried together.

A bench trial is set for March 28, 2025 at 12:00 p.m. As previously stated, each defendant is proceeding pro se, meaning that they are representing themselves in their case.

Defendant Bojo is being charged in three violation notices with violations of 41 C.F.R. § 102-74.385; 41 C.F.R. § 102-74.390(c); and 41 C.F.R. § 102-74.390(d) stemming from the citation issued for the alleged offenses on March 11, 2024. (ECF Nos. 1, 3, 4.) If convicted at trial, Defendant Bojo is subject to a maximum penalty on each conviction of 30 days imprisonment, a fine in the amount of $5,000, a special assessment in the amount of $5, and a processing fee in the amount of $30. See 41 C.F.R. § 102-74.450. Given a possible penalty includes imprisonment, Defendant Bojo has a right to court-appointed counsel. At a status conference on February 20, 2025, the Court advised Defendant Bojo against representing himself. Defendant Bojo waived his right to court-appointed counsel. The Court reiterates its advisement that Defendant should obtain counsel. However, if Defendant Bojo wishes to continue to waive his right to counsel and proceed pro se, he is advised that he must abide by the same rules in court as lawyers do. If Defendant Bojo makes mistakes, he will not be given special privileges or benefits, and the undersigned will not assist him. Unlike the prosecutor representing the Government in this case, Defendant Bojo will be exposed to the dangers and disadvantages of not knowing what is admissible evidence, what is appropriate direct and cross examination of witnesses, and what motions he must make and when to make them. Defendant will be expected to ask questions, make arguments, and observe the rules of evidence, and meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.

Because a conviction could result in sentence of imprisonment and because the

Defendant wishes to represent himself in these proceedings, the Court will appoint stand-by counsel to be present at trial. "[A] defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." McKaskle v. Wiggins, 465 U.S. 168, 178-79, 184 (1984) (providing two limitations: (1) that the defendant "is entitled to preserve actual control over the case he chooses to present to the jury" and (2) "participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself."). Although the Court appoints stand-by counsel, Defendant Bojo shall maintain actual control over the presentation of his defense. Id. at 178.[1]

Defendant Gilvillabos is charged in four violation notices of violations of 41 C.F.R. § 102-74.385; 41 C.F.R. § 102-74.390(c); 41 C.F.R. § 102-74.390(d); and 41 C.F.R. § 102-74.390(a) stemming from the citation issued for the alleged offenses on March 11, 2024. (ECF Nos. 1, 3, 4, 5.) If convicted at trial, Defendant Gilvillabos is subject to a maximum penalty on each conviction of 30 days imprisonment, a fine in the amount of $5,000, a special assessment in the amount of $5, and a processing fee in the amount of $30. See 41 C.F.R. § 102-74.450. Given a possible penalty includes imprisonment, Defendant Gilvillabos has a right to court-appointed counsel. At both her initial appearance on August 15, 2024 and a status conference on February 20, 2025, the Court advised Defendant Gilvillabos against representing herself. Defendant Gilvillabos waived her right to court-appointed counsel. The Court reiterates its advisement that Defendant should obtain and have counsel. However, if Defendant Gilvillabos wishes to continue to waive her right to counsel and proceed pro se, she is advised that she must abide by the same rules in court as lawyers do. If Defendant Gilvillabos makes mistakes, she will

---

[1] Appointment of standby counsel for purposes of this bench trial engages only the first of two limitations set forth in McKaskle. "A trial judge, who in any event receives a defendant's original Faretta request and supervises the protection of the right throughout the trial, must be considered capable of differentiating the claims presented by a pro se defendant from those presented by standby counsel." McKaskle, 465 U.S. at 179 (citations omitted). The appearance of the pro se defendant's self-representation will not be undermined by standby counsel's participation in the March 28, 2025 bench trial.

not be given special privileges or benefits, and the undersigned will not assist her. Unlike the prosecutor representing the Government in this case, Defendant Gilvillabos will be exposed to the dangers and disadvantages of not knowing what is admissible evidence, what is appropriate direct and cross examination of witnesses, and what motions she must make and when to make them. Defendant will be expected to ask questions, make arguments, and observe the rules of evidence, and meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting herself in the courtroom.

Because a conviction could result in sentence of imprisonment and because the Defendant wishes to represent herself in these proceedings, the Court will appoint stand-by counsel to be present at trial. See McKaskle v. Wiggins, 465 U.S. at 178-79, 184. Although the Court appoints stand-by counsel, Defendant Gilvillabos shall maintain actual control over the presentation of her defense. Id. at 178.

The bench trial currently set for March 28, 2025, shall proceed in the following way: First, each side may make an opening statement. A party is not required to make an opening statement or may make their opening statement at the beginning of their presentation of evidence. An opening statement is not evidence but a road map of what the admissible evidence will prove. No party is required to give an opening statement. The Government will then present evidence and each Defendant may cross-examine the witness or object to admission of exhibits based upon the Federal Rules of Evidence. Then, each Defendant may present evidence, and the Government and the other Defendants may cross-examine. The sole burden of proof rests with the Government to prove each and every essential element beyond a reasonable doubt. No defendant is required to present any evidence. In fact, each defendant has a right to remain silent and such silence cannot be used against them. Again, the sole burden rests on the Government to prove its case. However, the Defendants are advised that any statement they do make can be used against them in the proceeding (other than the statements made in the opening statement or closing argument). After the evidence has been presented, the Government may make a closing argument, followed by each Defendant. Because the Government bears the burden of proof, the Government will then be entitled to a rebuttal closing argument. The closing arguments and

rebuttal are not evidence but just a summarization of what the admissible evidence has shown for their respective case at trial.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is directed to consolidate <u>United States of America v. Bojo</u>, Case No. 1:24-po-00062-SAB and <u>United States of America v. Gilvillabos</u>, Case No. 1:24-po-00073-SAB;

2. Case number 1:24-po-00062-SAB shall be designated as the lead case;

3. The parties are instructed to file all documents in Case No. 1:24-po-00062-SAB. <u>Use of an incorrect case number, including initials, may result in documents being misdirected and/or incorrectly calendared by the appropriate judicial officer</u>; and

4. The Federal Public Defenders Office SHALL provide individual standby counsel to be present for EACH defendant at trial.

IT IS SO ORDERED.

Dated:   **March 19, 2025**

STANLEY A. BOONE
United States Magistrate Judge